[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10570
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-00547-MU

ANGEL MCCLAIN,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 10, 2019)

Before JORDAN, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Angela McClain appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration to deny her application for disability insurance benefits. After an administrative law judge ("ALJ") determined she was not disabled, McClain sought further review from the Appeals Council. McClain submitted additional evidence to the Appeals Council, including a psychological examination report. But the Appeals Council refused to consider the report on the basis that it was about a later time. On appeal, McClain argues that the Appeals Council was required to consider the report. We affirm because the Appeals Council properly determined that the report was not chronologically relevant.

## I.

McClain applied for disability insurance benefits, claiming that she was disabled due to various physical impairments and anxiety. After her application was denied, McClain received a hearing before an ALJ.

Before the ALJ, McClain testified about her psychological and intellectual limitations.[1] She described having problems understanding and remembering simple instructions, as well as difficulty concentrating. She also stated that she had problems with her nerves and difficulty getting along with other people. McClain

---

[1] Because McClain's arguments on appeal relate only to whether the Appeals Council should have considered additional evidence of her psychological and intellectual limitations, we discuss only the evidence related to those limitations.

2

explained that she recently started mental health treatment and had been prescribed Lorazpam.  She found the medication had helped her in interactions with others.

The ALJ also reviewed McClain's medical records.  These records reflect that McClain had been diagnosed with anxiety and prescribed Lorazepam. Treatment notes from her physician, Dolores Victoria, indicate that at some appointments McClain reported experiencing symptoms of anxiety and depression. But at other appointments, she reported no anxiety or depression.  Victoria's notes during this period consistently indicate that McClain had an intact memory.

The medical records also reflect that McClain reported to another physician that she was having problems with her nerves.  That physician prescribed Klonopin.

McClain saw a therapist twice.  The therapist's intake notes indicate that McClain had a depressive mood and long-term memory deficits.  The therapist also noted that McClain had an appropriate affect, normal orientation, above-average intelligence, and average judgment and insight.  The therapist diagnosed McClain with major depression and post-traumatic stress disorder and recommended that she participate in individual therapy.  McClain returned for one therapy appointment.  The therapist noted that McClain was showing good progress and could benefit from a mood stabilizer or anti-depressant.

3

The only other evidence before the ALJ related to McClain's mental health or intellectual limitations was the opinion of a state agency psychological consultant. After reviewing McClain's medical records, the consultant opined that McClain's anxiety was not severe and would not impose even moderate limitations on her ability to work.

After considering the evidence and applying the five-step sequential evaluation process, the ALJ determined that McClain was not disabled. At the first step, the ALJ found that McClain had not engaged in substantial gainful activity since the alleged onset of disability date. At the second step, the ALJ concluded that she had severe impairments. At the third step, the ALJ found that McClain did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. The ALJ then assessed McClain's residual functional capacity and found that she was able to perform light work subject to certain limitations, including that she could perform only simple tasks, occasionally interact with the public, and have only brief and casual contact with supervisors and coworkers. At step four, the ALJ found that McClain was unable to perform her past relevant work. At step five, the ALJ found that given McClain's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could perform.

4

McClain sought review from the Appeals Council.  She submitted new evidence to the Appeals Council, including materials from psychologist David Wilson, who evaluated McClain about 15 months after the ALJ's decision issued. Based on his evaluation and a review of McClain's mental health records, Wilson prepared a psychological evaluation report and a mental health source statement. Wilson diagnosed McClain with depression and anxiety and also determined that she had borderline intellectual functioning.  Wilson further opined that McClain had poor mental control and attention, significant problems with short term memory and working memory, extremely deficient acquired information, and very poor abstract reasoning.  Wilson indicated that McClain's ability to withstand the day to day pressures of working was highly impaired.  Wilson determined that McClain could not understand, remember, or carry out even simple instructions; maintain attention, concentration, and pace for at least two hours; sustain an ordinary routine without special supervision; or interact appropriately with supervisors or co-workers.  He opined that she had experienced these limitations for at least the past three years.

McClain also submitted to the Appeals Council records from a licensed social worker who provided McClain with counseling services.  The social worker treated McClain in the period after the ALJ's decision but before Wilson

5

performed his evaluation.  The social worker's notes reflect that McClain's cognition was within normal limits and her intelligence was average.

The Appeals Council denied McClain's request for review. The Appeals Council explained that it looked at the material from Wilson but concluded that his opinions were about a later time and thus did not affect the decision about whether she was disabled in the period before the ALJ's decision.

McClain filed an action in federal district court, asking the court to reverse the Commissioner's decision.  The magistrate judge issued an order affirming the Commissioner's decision.[2]  This is McClain's appeal.

## II.

"When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is subject to judicial review." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (alteration adopted) (internal quotation marks omitted).  We review *de novo* whether the claimant's additional evidence qualifies as "new, material, and chronologically relevant." *Id.* 1321. (internal quotation marks omitted).  "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Id.*

---

[2] The parties consented to having a magistrate judge decide the case.

**III.**

A claimant is allowed to present new evidence at each stage of the social security administrative process, including before the Appeals Council.  20 C.F.R. § 404.900(b).  The Appeals Council has discretion not to review an ALJ's denial of benefits, but it "must consider new, material, and chronologically relevant evidence that the claimant submits."  *Washington*, 806 F.3d at 1320 (internal quotation marks omitted); *see* 20 C.F.R. § 404.970(b) (2016).[3]  Evidence is chronologically relevant if it "relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. § 404.970(b) (2016).  The Hearings, Appeals, and Litigation Law Manual for the Social Security Administration ("HALLEX") states that "[a] worsening of the condition or onset of a new condition after the date of the hearing decision" is an example of evidence that is not related to the period at issue.  HALLEX, I-3-3-6(B)(2).  Additionally, HALLEX provides that "a statement may relate to the period [at issue] . . . when it postdates the decision but makes a direct reference to the time period adjudicated in the hearing decision."  *Id.*

---

[3] In January 2017, § 404.970 was amended to add a requirement that the claimant show good cause for submitting new evidence to the Appeals Council.  *See* Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 91 Fed. Reg. 90,987 (Dec. 16, 2016).  Neither McClain nor the Commissioner contends that this amendment, which was implemented after the Appeals Council denied McClain's request for review, applies to this appeal.  *See Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 n.4 (11th Cir. 2018).

The Appeals Council is not required to provide a detailed discussion of a claimant's new evidence when denying a request for review. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). It is sufficient for the Appeals Council to state that the submitted records are about a later time and, therefore, do not affect the decision about whether a claimant was disabled at the time of the ALJ hearing. *Id.*

McClain argues that the Appeals Council erred when it denied review and contends that it should have considered Wilson's opinions. As an initial matter, she contends that the Appeals Council refused to consider Wilson's records without considering whether the records were chronologically relevant. Not so. The Appeals Council stated that it had looked at Wilson's records and determined that that they were "about a later time." Doc. 13 at 7.[4] This statement is sufficient to indicate that the Appeals Council looked at more than just the dates on the records but instead considered the content of Wilson's opinion and concluded that they did not relate to the period on or before the date of the hearing decision.

Although medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant, Wilson's opinion is not chronologically relevant. Wilson evaluated McClain more than 14 months after the date of the ALJ's decision and his opinion appears to relate to the worsening of

---

[4] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

a condition or the onset of a new condition after the date of the ALJ's decision. In his evaluation, Wilson opined that McClain had borderline intellectual functioning. This opinion must reflect a decline or change in McClain's intellectual function because McClain's medical records reflect that McClain had normal intellectual functioning in the period prior to Wilson's evaluation. The therapist who treated McClain in the period before the ALJ's decision noted that she had above-average intelligence and average judgment and insight. And the social worker who counseled McClain in the period between the ALJ's decision and Wilson's evaluation indicated that her cognition was within normal limits and her intelligence was average. Wilson's opinion cannot relate back to the period before the ALJ's decision because it appears to be an opinion about a new or worsening condition. *See* HALLEX, I-3-3-6(B)(2).

McClain contends that our decision in *Washington* establishes that Wilson's opinion was chronologically relevant. In *Washington*, the claimant submitted to the Appeals Council a psychological evaluation report, prepared after the date of the ALJ's decision, showing that he had cognitive limitations. *Washington*, 806 F.3d at 1322. We concluded that the report related back to the period before the ALJ's decision because there was "no assertion or evidence . . . that [the claimant's] cognitive skills declined in the period following the ALJ's decision." *Id.* The difference in this case is that there is evidence establishing that McClain

9

had, at least, average intellectual functioning in the period before Wilson's decision. When viewed together with this evidence, Wilson's opinions show, at best, that McClain's cognitive skills declined in the period following the ALJ's decision. Because Wilson's opinions about McClain do not relate back to the period before the ALJ's decision, the Appeals Council correctly determined that they were not chronologically relevant.

## IV.

For the reasons set forth above, we affirm the district court's order affirming the Commissioner's decision to deny benefits.

**AFFIRMED.**